# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAR LESTER BLUEFORD,<br><br>    Plaintiff,<br><br>v.<br><br>DR. MCCONNLY,<br><br>    Defendant. | Case No. 1:19-cv-00618-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Javar Lester Blueford is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint filed on September 30, 2019 is before the Court for screening. (ECF No. 17.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

1

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

In rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim."); Lucas v. Dir. of Dep't. of Corrs., 2015 WL 1014037, at *4 (E.D. Cal. Mar. 6, 2015) (relying on Albino and dismissing complaint without prejudice on screening due to plaintiff's failure to exhaust administrative remedies prior to filing suit).

## II. Discussion

Plaintiff is currently housed at California State Prison at Corcoran ("Corcoran"). Plaintiff alleges that the events at issue took place at Corcoran. Plaintiff names Defendant McConnly as the sole Defendant.

In screening Plaintiff's original complaint, the Court noted that based upon the dates of the events in this action, and the date of filing the complaint, it appeared that Plaintiff failed to exhaust his administrative remedies. (EDF No. 16.) In screening the complaint, the Court granted Plaintiff leave to amend, but instructed that Plaintiff must "explain the status of his exhaustion requirements and why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit." (ECF No. 16, p.5.)

In his amended complaint filed on September 30, 2019, Plaintiff checked the box on the complaint form that his exhaustion of administrative remedies is "not" complete. (ECF No. 17,

p.2.) In explaining why Plaintiff has not completed exhaustion of administrative remedies Plaintiff says:

> Because the Response (#COR HC 19000165) I got was I was enrolled in the chronic care program and that my medical condition needs would be closely monitored. So due to this I took it as my visit to the specialist would go as dated ear, nose and throat but the follow up to [sic] was cancelled." (ECF NO. 17, p.2.)

Plaintiff's claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983." Albino v. Baca, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).The action is subject to dismissal and Plaintiff may not proceed in this action if he has not exhausted his administrative. See, e.g., Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (in rare cases where a failure to exhaust is clear from the face of the complaint, it may be dismissed for failure to state a claim); Medina v. Sacramento Cty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14, 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff did not exhaust his available administrative remedies before commencing an action, the action may be dismissed on screening for failure to state a claim.")

Plaintiff's explanation indicates that Plaintiff abandoned his appeal and did not pursue it through all administrative levels. Based upon the dates of the events in this action, the date of filing the complaint, and Plaintiff's own statements, there is no indication that Plaintiff pursued his appeal beyond the first level. Plaintiff provided no explanation for his failure to do so. Thus, it appears clear from the face of the complaint that Plaintiff filed suit prematurely without first exhausting his administrative remedies in compliance with section 1997e(a).

### III. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, based on Plaintiff's failure to exhaust administrative remedies prior to filing suit.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 4, 2019**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE