# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAR LESTER BLUEFORD, <br><br> Plaintiff, <br><br> v. <br><br> DR. MCCONNLY, <br><br> Defendant. | Case No. 1:19-cv-00618-LJO-BAM (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING ACTION, WITHOUT PREJUDICE <br><br> (ECF Nos. 18, 19, 20) |

Plaintiff Javar L. Blueford is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 7, 2019, the assigned Magistrate Judge issued Findings and Recommendations that, based upon the dates of the events in this action, the date of filing the complaint, and Plaintiff's own allegations, there is no indication that Plaintiff pursued his appeal beyond the first level and therefore, failed to exhaust administrative remedies. (ECF No. 18.) The Findings and Recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 4.) On October 18 and on October 21, 2019, Plaintiff timely filed objections to the Findings and Recommendations.[1] (ECF Nos. 19 and

---

[1] Plaintiff's objections were docketed on October 18 and 21, 2019, but do not include a proof of service, to determine if the objections are timely. In the interest of judicial economy, however, the court considers both objections. Pursuant to the prison mailbox rule, a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108-09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions).

1

20.) No other objections were filed.

In his objections, Plaintiff does not argue that he completed the exhaustion requirement. He acknowledges that he started the exhaustion of administrative remedies process, and was granted partial relief. (ECF No. 19, p. 2.) He does not argue that he further appealed after being granting partial relief. Instead, Plaintiff argues that his case is an exceptional case where the administrative remedy is inadequate and any delay would cause irreparable injury and injustice. (ECF No. 20.) Plaintiff argues that while he was going through the administrative process, he was taken to the hospital for treatment for the medical condition which forms the basis of his claims, and while at the hospital, he was beaten in the head and choked in his hospital bed on June 16 because of this case and has been denied proper medical care by the defendant.

Plaintiff's objections are overruled. Plaintiff admits he did not exhaust his administrative remedies. Plaintiff does not argue that his administrative remedies effectively were unavailable to him. Rather, Plaintiff argues that while he was confined in his hospital bed on June 16, he was beat up. He does not allege it was defendant who injured him on June 16 or attribute any June 16 wrongful conduct to defendant. He does not state how such injury on June 16 caused Plaintiff any inability to comply with Plaintiff's exhaustion requirement. The court notes that Plaintiff's complaint involves events in January 2019 through May 2019, and the complaint was filed on May 8, 2019. Plaintiff does not say how or why the June 16 injury made his administrative remedies effectively unavailable.

Plaintiff's main argument is that an injustice will result if he is required to exhaust. The Court, however, is bound to follow the law and the law is that a prisoner's available administrative remedies must be exhausted before a court can decide the merits of a prisoner's complaint brought pursuant to § 1983. 42 U.S.C. § 1997e(a); see also Booth v. Churner, 532 U.S. 731, 738 (2001) ("The available remedy must be exhausted before a complaint under § 1983 may be entertained." (internal quotation marks removed)); Morris v. Moghaddam, No. 2:13-cv-0805 KJM KJN P, 2015 WL 136033, at *10 n.3 (E.D. Cal. Jan. 9, 2015).

Plaintiff argues that an injustice would occur if he were forced to exhaust his administrative remedies because he is not getting adequate treatment. As the U.S. Supreme Court recently

explained in Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016), regarding the Prison Litigation Reform Act of 1995 exhaustion requirement, the exceptions are extremely limited:

> [T]hat language is "mandatory": An inmate "shall" bring "no action" (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies.... [T]hat edict contains one significant qualifier: the remedies must indeed be "available" to the prisoner. But aside from that exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any "special circumstances."

Id. (internal citations omitted). Thus, arguments of any perceived injustice which would result from failing to exhaust is not an exception to the exhaustion requirement. Plaintiff must exhaust his administrative remedies before filing suit. Therefore, his objections are overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Magistrate Judge's Findings and Recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations issued on October 7, 2019, (ECF No. 18), are adopted in full;
2. The instant action is dismissed, without prejudice, for failure to exhaust administrative remedies; and
3. The Clerk of the Court is directed to terminate pending matters and close this case.

IT IS SO ORDERED.

Dated: **November 21, 2019**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

3